HIGGINS, J.
This suit was brought by the appellee, Riordan, in trespass to try title to recover a tract of land described by metes and bounds and claimed by him as the eastern part of survey No. 143, out of the áan Elizario grant in El Paso county, according to the Wingo map of said Grant. Survey 144 of the, San Elizario grant, situate east of and adjoining 143, is owned by appellant, Stahlman. In effect the suit was to fix the boundary line between the two surveys.
The undisputed evidence shows that the two surveys are part of a tier of surveys numbered from 129 to 145. These surveys *727 were made by A. Q. Wingo in tbe winter of 1881-82 in a division of tbe San Elizario land, by tbe corporation of that name, among its inhabitants. Tbe base line of tbe surveys was tbe old Texas & Pacific Railroad grade. It is impossible to locate on the ground any of tbe lines of tbe surveys intervening between 129 and 144, except by course and distance because all of tbe original land marks have disappeared. But tbe southwest comer of survey 129 on tbe base line at tbe west end of tbe tier and its westerly line can be definitely located by tbe Hawkins bouse called for in tbe Wingo field notes. Tbe southeast corner of survey 144 on the east end of the tier and its easterly line can be definitely located by drain box under tbe railroad as called for in tbe Wingo field notes. Tbe tier of surveys are tied together, as they call for the lines and corners of the adjoining surveys. Tbe surveys were located by Wingo as one piece of work.
Tbe length of the Texas <& Pacific base line according to the Wingo field notes is 5,322 varas, but by actual measurement between the fixed corners of 129 and 144 it is shown to be 5,489.5 varas, making an excess of 167.5 varas. Tbe court rendered judgment for tbe appellee which fixed tbe easterly line of plaintiff’s survey 143 (also tbe westerly line of defendant’s survey 144) at a point on tbe base line westerly from what it would be located by following tbe course and distance call from tbe drain box under tbe railroad. The point at which the line was fixed by tbe court gave to survey 144 its proportionate share of tbe 167.5 varas excess. Tbe defendant, Stahlman, appeals.
Preliminary to a discussion of any of tbe assignments and as a predicate to our ruling upon some of them, we hold that tbe action of the court in fixing tbe disputed boundary line so as to prorate between tbe plaintiff and defendant tbe excess distance of tbe base line was proper. Tbe facts in this case bring it within tbe rule announced in Johnson v. Knippa, 127 S. W. 905, where tbe same action was taken.
[1] Under tbe first four assignments appellant contends that tbe owners of tbe other sections, from 129 to 144, were necessary parties to this suit because each of said surveys was entitled to its proportionate share of tbe excess, and therefore such owners interested .to such ian extent as necessarily required their joinder in tbe suit.
Tbe court has simply undertaken to fix tbe boundary line between survey 143, owned by plaintiff, and survey 144, owned by tbe defendant. Tbe interest and rights of tbe owners of tbe other surveys are not necessarily affected by this adjudication, and they are in no wise precluded or bound thereby.
Appellant invokes tbe rule applying in partition suits which requires that all joint owners be made parties to tbe proceeding, but this rule has no application to tbe present case.
We bold that tbe owners of tbe other surveys were not necessary parties to this suit.
[2, 3] Under tbe fifth, sixth, and seventh assignments three propositions are advanced which raise two questions. The first and third propositions relate to tbe admissibility of certain probate orders made in tbe estate of Juan Armendariz wherein it was recited that tbe wife and daughter of Armendariz were bis only heirs at law. One of tbe muniments in the title of tbe appellee was a deed from tbe administrator of tbe estate of Juan Armendariz. Tbe appellant concedes that the proceedings were admissible as a muniment of title, but seems to base bis objection upon tbe ground that tbe recital as to tbe heirship of tbe wife and daughter were not binding upon him. It being conceded that the proceedings were admissible as a muniment of title, there was no error in admitting tbe same. By proper action tbe appellant, if he so desired, could have had the evidence limited to tbe purpose for which be conceded it to be admissible. But in any event tbe recitals as to heirship in no wise harmed tbe appellant because be admitted that the wife and daughter were tbe heirs of Juan Armendariz and one of tbe links in the appellee’s chain of title is a deed from such heirs. Upon any view of the case, therefore, tbe admission of these probate proceedings presents no reversible error.
Tbe second proposition under these assignments is that there was no proof that tbe wife and daughter of Juan Armendariz were his only heirs. There is an agreement in tbe statement of facts that they are tbe heirs of Juan Armendariz, who died without a will.
Tbe eighth and ninth assignments are controlled by tbe preliminary ruling in this case to tbe effect that under tbe undisputed evidence in this case the court properly prorated tbe excess distance on tbe base line of the surveys as shown by the actual measurement. In this connection it seems to be contended here, as well as under other assignments, that tbe call for tbe Hawkins bouse whereby tbe east line of survey 129 is definitely fixed on the ground is tbe controlling call and that from tbe east line of 129 tbe corners and lines of tbe plaintiff’s survey and tbe other surveys to the .east should be located by taking the course and distance calls from survey 129 and ignoring entirely tbe call for the drain box under tbe railroad track called for in tbe field notes of survey 144. If this were done tbe excess area of tbe tier of surveys would all be made a part of survey 144. But tbe southeast corner and east line of 144 are fixed and established by tbe drain box. In locating a block of surveys between two fixed and established points it is immaterial which point is taken as tbe beginning corner, and the calls may be re *728 versed. According to the field, notes Wingo surveyed 144 before 143, and as 144 corners with reference to the drain box, according to appellant’s logic, the conclusion would be that Wingo in fact established the southwesterly corner of 144 only 300 varas westerly from its established southeasterly corner instead of 310 varas as fixed by the judgment. Under the facts in this case there was nothing for the court to do except to follow the rule laid down in Johnson v. Knippa, supra, and prorate the excess.
[4] The tenth, eleventh, twelfth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, and twenty-first assignments complain of the refusal to submit certain issues. In this there was no error for the reason that such issues relate to mixed questions of law and fact.
[5] The thirteenth, fourteenth, and fifteenth assignments complain of the refusal to submit the issue of whether the landmarks called for in the field notes of the surveys intervening between 129 and 144 were obliterated. In this there was no error for the reason that the undisputed evidence shows that such landmarks were obliterated, and appellant in his brief, at page 18, so admits.
Under the twenty-second and twenty-third assignments complaint is made of the refusal to submit the question of whether the map made by Wingo of the subdivision of the San Elizario lands was made before the subdivisions were surveyed on the ground, and -whether the survey was an office survey or a survey actually made on the ground. These issues were immaterial, for it makes no difference what the facts were in this connection, as the lines of the intervening surveys' cannot be located under the evidence in this case except in the manner adopted by the trial court.
Survey No. 142 had a fence upon it known as the Van Every fence. It is contended by the appellant that the plaintiff lead him to believe that this fence marked the westerly boundary line of survey 143, and that he was thereby estopped from claiming that it did not mark the westerly boundary of 143, and from claiming that his line extended more than 300 varas easterly from said fence. The court submitted special issues with reference to the question of es-toppel, and the jury found that the plaintiff did not, by words, acts, or silence, induce the defendant to believe that said fence marked his westerly boundary line, and further found that defendant knew that such fence was not in fact upon the westerly line of survey 143, or he could, by reasonable diligence, have learned that it was not.
There are other assignments which relate to the question of estoppel; assignments complaining of rulings upon evidence and other matters. All have been considered and are regarded as without merit. The rulings made, we believe, control all material questions in the case.
Finding no error, the judgment is affirmed.

<gzs»For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes